1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              Case Nos.:   15CR2912-JLS
                                                         16CV1394-JLS
12                          Plaintiff,

13   v.                                     **ORDER DENYING DEFENDANT'S**
                                            **MOTION UNDER 28 U.S.C. § 2255 TO**
14   RAYMUNDO GARCIA-QUIROZ,                **VACATE, SET ASIDE OR CORRECT**
                                            **SENTENCE and DENYING CERTIFICATE**
15                          Defendant.      **OF APPEALABILITY**

16

17

18         Presently before the Court is Defendant's Motion under 28 U.S.C. § 2255 to

19   Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF 26).  The

20   Court has considered Defendant's motion and the record in this case and, for the reasons

21   set forth below, will deny Defendant's motion.

22                              **Background**

23         Defendant Garcia-Quiroz pled guilty to the offense of attempted reentry of a

24   removed alien in violation of 8 U.S.C. § 1326 and, on February 19, 2016, was sentenced

25   to a term of 41 months' imprisonment.  ECF 24.  Defendant's advisory sentencing

26   guideline range calculation included a 12-level enhancement pursuant to United States

27

28

                                         1

Sentencing Guideline Section 2L1.2(b)(1)(A)(ii) for a previous removal following a conviction for a "crime of violence."[1]  ECF 19 at 5.

### Analysis

In the instant motion under 28 U.S.C. § 2255, Defendant contends that the Guideline § 2L1.2(b)(1)(A)(ii) enhancement was improper in light of the U.S. Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015). Defendant's claim is foreclosed by the Supreme Court's subsequent decision in *Beckles v. United States*, 137 S.Ct. 886 (2017).  In *Beckles*, the court held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause and that *Johnson* is not applicable to the advisory Guidelines.

Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED.  Additionally, the Court DENIES Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right.  See 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").

IT IS SO ORDERED.

Dated:  June 22, 2018

Hon. Janis L. Sammartino
United States District Judge

---

[1] This enhancement was based on a 1984 conviction for robbery under Section 211 of the California Penal Code.  Presentence Report, ECF 19.

2